UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

MICHAEL T. JONES,                        )
Institutional ID No. 419729,             )
SID No. 3101735,                         )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )          CIVIL ACTION NO.
                                         )          5:12-CV-00204-BG
WEST TEXAS I.S.F.,                       )          ECF
Management Training Corporations, *et al.*,  )
                                         )
                    Defendants.          )

## REPORT AND RECOMMENDATION

### Statement of the Case

Proceeding *pro se* and *in forma pauperis*, Plaintiff Michael T. Jones commenced this action pursuant to 42 U.S.C. § 1983, seeking redress for constitutional violations that he claims occurred during his confinement at West Texas Intermediate Sanction Facility (West Texas ISF), a private facility operating under contract with the Texas Department of Criminal Justice Parole Division (TDCJ Parole Division). Jones names as Defendants West Texas ISF, Warden S. Payne, contract monitor D. Dorman, and the Texas Department of Criminal Justice (TDCJ).

The United States District Court transferred this case to the undersigned magistrate judge for further proceedings. Thereafter, the undersigned scheduled a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985) but later found that a *Spears* hearing was unfeasible. Accordingly, the undersigned vacated the hearing and ordered Jones to complete a court-issued Questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976). Jones timely returned the completed Questionnaire to the court on March 13, 2013.

1

The undersigned has reviewed Jones's pleadings, his answers to the court-ordered Questionnaire, and authenticated records provided by TDCJ. Pursuant to the Order transferring the case, the undersigned now files this Report and Recommendation.

## Standard of Review

A court must dismiss a complaint filed *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2013). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory[.]" *Id.* at 327. A complaint lacks an arguable basis in fact if the "factual contentions are clearly baseless." *Id.* A court may base a finding of frivolousness on a plaintiff's allegations and authenticated prison records. *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (stating that dismissals based on frivolousness "can be based on medical and other prison records if they are adequately identified or authenticated") (citation and internal quotations omitted); *Wilson v. Barrientos*, 926 F.2d 480, 483 (5th Cir. 1991) (noting that trial judges "must ascertain what the plaintiff is claiming" to determine whether an *in forma pauperis* complaint is frivolous).

## Background

According to authenticated records provided by TDCJ, Jones received a sentence of thirty years imprisonment in 1986 for aggravated robbery with a deadly weapon. The records show that he was initially released for mandatory supervision in 2002. Under Texas law, mandatory supervision is "the release of an eligible inmate sentenced to the institutional division so that the

inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." Tex Gov't Code Ann. § 508.001 (West 2013). After a hearing and if warranted, the Texas Board of Pardons and Paroles (Parole Board) "may continue, revoke, or modify" an individual's conditions of mandatory supervision. *Id.* § 508.283(a). "An inmate released to mandatory supervision is considered to be released on parole." *Id.* § 508.147.

As relevant here, TDCJ records show that Jones attended a hearing before the Parole Board on May 10, 2012, for a mandatory supervision violation not at issue in this case. The records show that, in lieu of revoking Jones's mandatory supervision, the Parole Board ordered Jones to reside at West Texas ISF as an added condition of his mandatory supervision on May 14, 2012. West Texas ISF is used by the TDCJ Parole Division "to house offenders who have violated the terms and conditions of their parole." Mgmt. & Training Corp., West Texas Intermediate Sanction Facility, MTC Correctional Facilities (2011), http://www.mtctrains.com/public/uploads/1/2011/7/West%20TX.pdf (on file with Fifth Circuit Library). Jones claims that he was confined at West Texas ISF from May 14, 2012, to July 9, 2012, and acknowledges that he was required to comply with conditions of mandatory supervision during his confinement there.

### Discussion

Jones claims that Warden Payne violated the Equal Protection Clause by recommending that his mandatory supervision status be revoked after a disciplinary case was brought against Jones for masturbating in public on May 24, 2012, in violation of West Texas ISF rules.[1] Jones claims that

---

[1] Due to a typographical error, the court-issued Questionnaire incorrectly suggests that this incident occurred on March 24, 2012. Exhibits attached to Jones's Complaint and authenticated TDCJ records show that this incident actually occurred on May 24, 2012.

he heard Warden Payne make this recommendation to his parole officer on May 25, 2012, and that

his parole officer subsequently initiated revocation proceedings "at Warden Payne's request." Jones

asserts that Warden Payne discriminated against him because the warden did not recommend parole

revocation for other West Texas ISF offenders who had committed similar infractions, such as

fighting, threatening staff, refusing to obey orders, and smoking.  Jones has alleged that Defendant

Dorman is a TDCJ employee who monitors West Texas ISF's compliance with its contractual

obligations to TDCJ; he claims that Dorman "graded" the offense report for the incident on May 24,

2012.  On June 1, 2012, West Texas ISF officials found Jones guilty of the disciplinary charges

brought May 24, 2012.

According to Jones and authenticated TDCJ records, the Parole Board held a hearing and

revoked Jones's mandatory supervision status on July 5, 2012, after finding that he violated a

condition of mandatory supervision by engaging in sexual misconduct on May 24, 2012.  TDCJ

records indicate that the condition that Jones was found to have violated required him to participate

in the West Texas ISF program until successful completion.  In essence, Jones argues that

Defendants violated the Equal Protection Clause by selectively enforcing Texas parole law against

him in a discriminatory fashion.  *See Barton v. Malley*, 626 F.2d 151, 155 (10th Cir. 1980)

(describing elements of equal protection claim "of selective enforcement based on discriminatory

revocation of parole").

To support a claim of selective enforcement based on discriminatory revocation of parole,

Jones must show that Defendants recommended mandatory supervision revocation "based on

intentional, purposeful discrimination, stemming from impermissible considerations such as race,

religion, or the desire to prevent the exercise of other constitutionally secured rights."  *Id.*  In his

4

answers to the Questionnaire, Jones asserts that Defendants recommended him for revocation to retaliate against him for observing West Texas ISF officers fondling each other in his presence.

Jones also claims that West Texas ISF does not have an adequate law library, in violation of his constitutional right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977) ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."). The Constitution requires correctional facilities to provide the tools that "inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

To state a valid access-to-courts claim, an inmate must show "that his position as a litigant was prejudiced" by the alleged constitutional violation. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). Jones claims that his lack of access to legal resources prejudiced him at his parole revocation hearing because he was not appointed counsel for his revocation hearing and therefore had to represent himself. Jones further asserts that West Texas ISF mishandled and denied his grievances regarding the law library and the disciplinary case that led to his mandatory supervision revocation. According to Jones and TDCJ records, Jones was re-incarcerated by TDCJ from July 10, 2012 to November 9, 2012, as a result of the revocation of his mandatory supervision status.

The above-described claims survive preliminary screening because Jones satisfies the requirements of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In that case, the U.S. Supreme Court held that a plaintiff cannot recover damages pursuant to 42 U.S.C.

§ 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he proves that the conviction or sentence has been reversed on appeal, expunged, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Id.* at 486–87. The rule established in *Heck* "applies to proceedings which call into question the fact or duration of parole." *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

Finding in Jones's favor on his equal protection claim would necessarily imply the invalidity of his mandatory supervision revocation and resulting incarceration. *Yick Wo v. Hopkins*, 118 U.S. 356, 373–74, 6 S. Ct. 1064, 30 L. Ed. 220 (1886) (finding incarceration of plaintiffs illegal where discriminatory enforcement of city ordinance amounted to equal protection violation). Accordingly, Jones's equal protection claim is barred unless his parole revocation "has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus." *Guerrero v. Travis Cnty.*, No. 12-50455, 2013 WL 115987, at *1 (5th Cir. Jan. 9, 2013) (per curiam) (holding that inmate's equal protection claim "that his prosecution was based on gender discrimination" was subject to the rule established in *Heck*). Jones's access-to-courts claim is also subject to the rule established in *Heck*. *See Bray v. Walker*, Nos. 95-50749, 95-50798, 1996 WL 249028, at *1 (5th Cir. April 12, 1996) (per curiam) (citing *Heck* for proposition that inmate's "claim that his parole was revoked because he was denied access to a law library [was] not cognizable").

Here, the Parole Board revoked Jones's mandatory supervision status on July 5, 2012. In his answers to the court-issued Questionnaire, Jones states that he asked the Parole Board to re-open his revocation hearing on July 19, 2012. In addition, Jones provided documentation showing that his request was granted and that the Parole Board "voted to reverse the board panel action of July

6

05, 2012, withdraw the warrant and reinstate" Jones's mandatory supervision status on October 9, 2012.  Because the Parole Board reversed its revocation of Jones's mandatory supervision, *Heck* does not bar his present suit for damages pursuant to § 1983.

In contrast, Jones's claims against TDCJ should be dismissed in their entirety as frivolous.  As a non-individual and instrumentality of the state, that entity enjoys Eleventh Amendment immunity from suits brought pursuant to 42 U.S.C. § 1983.  *See Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (holding that Eleventh Amendment barred suit brought pursuant to 42 U.S.C. § 1983 against TDCJ).

## Recommendation

For the foregoing reasons, the undersigned hereby recommends that the district court **DISMISS** Jones's claims against TDCJ as frivolous pursuant to 28 U.S.C. § 1915(e)(2).  The undersigned recommends that the district court otherwise allow Jones's case to proceed.

## Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to timely file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge

that are accepted or adopted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Dated:          April 30, 2013.

NANCY M. KOENIG
United States Magistrate Judge

8